**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-CV_____

UNITED STATES OF AMERICA, for use and benefit of INTERMOUNTAIN ELECTRIC, INC.,

    Plaintiff,

v.

KIEWIT-TURNER JOINT VENTURE;
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA;
FEDERAL INSURANCE COMPANY;
FIDELITY AND DEPOSIT COMPANY OF MARYLAND;
ZURICH AMERICAN INSURANCE COMPANY;
LIBERTY MUTUAL INSURANCE COMPANY; and
THE CONTINENTAL INSURANCE COMPANY.

    Defendants.

## COMPLAINT

Plaintiff United States of America for the use of Intermountain Electric, Inc. ("Intermountain"), files this Complaint against Defendants, including allegations regarding its claims under the Miller Act and the Miller Act Bond, while expressly reserving all other contractual, statutory and equitable rights and claims, showing this Court the following:

### JURISDICTION AND VENUE

1.    This civil action arises under the Miller Act, 40 U.S.C. § 3131-3134. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction of this action. Also, this is an action on a payment bond executed under the Miller Act, a copy of which is attached as Exhibit A ("Miller Act Bond"). Pursuant to 28 U.S.C. § 1352, this Court has jurisdiction of this action. Further, pursuant

to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any state law claims in this action.

2. This civil action relates to the United States Department of Veterans Affairs' Replacement Medical Center Facility Eastern Colorado Health Care System project in Aurora, Colorado ("Project"). All or a substantial part of the events or omissions giving rise to the claims in this action occurred in this judicial district; all or a substantial part of the Project is situated in this judicial district; and the contracts at issue in this action were to be performed and executed in this judicial district. Accordingly, venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) and 40 U.S.C. § 3133(b)(3)(B).

## PARTIES

3. Plaintiff Intermountain is a Colorado corporation authorized to do business in Colorado, with its principal place of business at 5050 Osage Street, Suite 500, Denver, Colorado 80221.

4. Defendant Kiewit-Turner Joint Venture is a joint venture, composed of joint venture partners Kiewit Building Group, Inc., and Turner Construction Company. Kiewit-Turner Joint Venture has its principal place of business at 7200 S. Alton Way, Suite A-300, Englewood, Colorado 80112, and may be served by serving its joint venture partners. Kiewit-Turner Joint Venture is the named principal on the Miller Act Bond.

5. Defendant Travelers Casualty and Surety Company of America ("Travelers") is a Connecticut foreign corporation, with its principal place of business at One Tower Square, S102A, Hartford, Connecticut 06183. Travelers is engaged in the business, among other things, of providing, as surety, payment and performance bonds for contracts with the federal government in accordance with 40 U.S.C. § 3131(b), and is a named surety for the Miller Act

Bond (Travelers Bond Nos. 105456169 & 105477921). Travelers' Registered Agent in Colorado is the Division of Insurance, 1560 Broadway, Denver, Colorado 80202. In accordance with C.R.S. § 10-3-107, lawful service of the summons and complaint for this action on the Colorado Commissioner of Insurance binds Travelers as though it was served directly with that process.

6. Defendant Federal Insurance Company ("Federal") is an Indiana foreign corporation, with its principal place of business at One American Square, Suite 2600, Indianapolis, Indiana 46282 and an office mailing address at 15 Mountain View Road, Warren, New Jersey 07061. Federal is engaged in the business, among other things, of providing, as surety, payment and performance bonds for contracts with the federal government in accordance with 40 U.S.C. § 3131(b) and is a named surety for the Miller Act Bond (Federal Bond No. 8219-72-22). Federal's Registered Agent in Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202. In accordance with C.R.S. Section 10-3-107, lawful service of the summons and complaint for this action on the Colorado Commissioner of Insurance binds Federal as though it was served directly with that process.

7. Defendant Fidelity and Deposit Company of Maryland ("Fidelity") is a Maryland foreign corporation, with its principal place of business at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006 and an office mailing address at 1400 American Lane, Schaumburg, Illinois 60196. Fidelity is engaged in the business, among other things, of providing, as surety, payment and performance bonds for contracts with the federal government in accordance with 40 U.S.C. § 3131(b) and is a named surety for the Miller Act Bond (Fidelity Bond No. 08981705). Fidelity's Registered Agent in Colorado is Corporation Service Company, 1560 Broadway, Denver, Colorado 80202. In accordance with C.R.S. Section 10-3-107, lawful

service of the summons and complaint for this action on the Colorado Commissioner of Insurance binds Fidelity as though it was served directly with that process.

8. Defendant Zurich American Insurance Company ("Zurich") is a New York foreign corporation, with its principal place of business at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006 and an office address at 1400 American Lane, Schaumburg, Illinois 60196. Zurich is engaged in the business, among other things, of providing, as surety, payment and performance bonds for contracts with the federal government in accordance with 40 U.S.C. § 3131(b) and is a named surety for the Miller Act Bond (Zurich Bond No. 08981705). Zurich's Registered Agent in Colorado is Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado 80202. In accordance with C.R.S. Section 10-3-107, lawful service of the summons and complaint for this action on the Colorado Commissioner of Insurance binds Zurich as though it was served directly with that process.

9. Defendant Liberty Mutual Insurance Company ("Liberty") is a Massachusetts foreign corporation, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. Liberty is engaged in the business, among other things, of providing, as surety, payment and performance bonds for contracts with the federal government in accordance with 40 U.S.C. § 3131(b) and is a named surety for the Miller Act Bond (Liberty Bond No. 015030550). Liberty's Registered Agent in Colorado is the Division of Insurance, 1560 Broadway, Denver, Colorado 80202. In accordance with C.R.S. Section 10-3-107, lawful service of the summons and complaint for this action on the Colorado Commissioner of Insurance binds Liberty as though it was served directly with that process.

10. Defendant The Continental Insurance Company ("Continental") is a Pennsylvania foreign corporation, with its principal place of business at 100 Matonford Road, Suite 200,

Radnor, Pennsylvania 19087 and an office address at 333 S. Wabash Ave., Chicago, Illinois 60604. Continental is engaged in the business, among other things, of providing, as surety, payment and performance bonds for contracts with the federal government in accordance with 40 U.S.C. § 3131(b) and is a named surety for the Miller Act Bond (Continental Bond No. 929504930). Continental's Registered Agent in Colorado is Timothy Moehlenpah, 10375 Park Meadows Drive, Ste. 300, Littleton, Colorado 80124. In accordance with C.R.S. Section 10-3-107, lawful service of the summons and complaint for this action on the Colorado Commissioner of Insurance binds Continental as though it was served directly with that process.

11. The United States of America is a proper party to this action for the use of Intermountain pursuant to 40 U.S.C. § 3133(3)(A).

12. This Complaint is brought within the time allowed by the Miller Act, 40 U.S.C. § 3133(b).

**FACTS**

13. The Federal Government owns the Project. The United States Department of Veteran Affairs ("VA") contracted with Kiewit-Turner Joint Venture, as general contractor, to perform Project work. Kiewit-Turner Joint Venture entered into a subcontract with Johnson Controls, Inc. to perform a portion of the Project work.

14. Johnson Controls, Inc. entered into separate subcontracts with Intermountain to perform portions of the Project work, a copy of these subcontracts are attached as Exhibit B.

15. Under agreement between Johnson Controls, Inc. and Intermountain, and at the direction of Johnson Controls, Inc. and/or Kiewit-Turner Joint Venture, Intermountain supplied certain labor and material in the performance of Project work and properly completed Project

work for the benefit of Johnson Controls, Inc. and each of the Defendants in this action as well as the VA ("Completed Work").

16. Travelers, Federal, Fidelity, Zurich, Liberty, and Continental (collectively, "Sureties"), as sureties, and Kiewit-Turner Joint Venture, as principal, executed and furnished the Miller Act Bond to the VA for the Project. In accordance with the Miller Act, the Miller Act Bond is for the protection of all persons supplying labor and material in carrying out the Project work.

17. Intermountain supplied labor and materials in carrying out Project work through at least December 9, 2014, and is a proper claimant under the Miller Act Bond.

18. As of the date of this Complaint, the unpaid amount owed to Intermountain for the direct costs of labor and materials for Completed Work exceeds $3,400,000.00, together with any further costs relating to labor and materials for Project work including without limitation the additional costs Intermountain incurred as a result of Project delays, disruptions, accelerated work, compressed work, cumulative impacts to work, and allowable costs and charges (collectively, "Unpaid Amount").

19. On March 5, 2015, and within the 90-day notification period under 40 U.S.C. § 3133(b)(2), Intermountain properly served its Claim for Amounts Owed for Labor, Services, Equipment and/or Materials Provided by Intermountain Electric, Inc. for The Replacement Medical Center Facility, Eastern Colorado Health Care System on Defendant Kiewit-Turner Joint Venture ("Miller Act Notice"). The Miller Act Notice identified, but without limitation, the nature of the labor and materials that Intermountain provided for the benefit of the Project.

20. Despite the Miller Act Notice, Intermountain has not received payment for the Unpaid Amount.

21. Any and all conditions precedent to Intermountain claims in this Complaint have been satisfied, waived, or are moot.

### FIRST CLAIM FOR RELIEF
### (Miller Act Bond Claim)

22. Intermountain incorporates the preceding paragraphs by reference as if fully restated in this paragraph.

23. Intermountain is a proper claimant under the Miller Act Bond.

24. Kiewit-Turner Joint Venture as principal, and each of the Sureties, is obligated under the Miller Act Bond to pay Intermountain, as claimant, for the labor furnished and material supplied in carrying out or prosecuting Project work.

25. Despite the Miller Act Notice, Kiewit-Turner Joint Venture, as principal, failed to promptly pay Intermountain for labor it furnished and material it supplied in carrying out or prosecuting Project work.

26. Accordingly, Kiewit-Turner Joint Venture breached the Miller Act Bond. As a direct result of that breach, Kiewit-Turner Joint Venture and each of the Sureties are liable, jointly and severally, to Intermountain under the Miller Act and the Miller Act Bond for an amount to proven at trial, together with allowable costs, disbursements, interest, and attorneys' and consultants' costs and fees.

### REQUEST FOR RELIEF

Intermountain therefore respectfully requests relief from this Court, with Intermountain's continued express reservation of further contractual, statutory and equitable rights and claims, as follows:

1. On the First Claim for Relief, judgment in Intermountain's favor and against Kiewit-Turner Joint Venture and each of the Sureties, jointly and severally, for an amount to be proven at trial, together with applicable costs and disbursements, pre- and post-judgment interest and any allowable attorneys' and consultants' costs and fees; and

2. Any further relief in Intermountain's favor that this Court deems just.

## JURY DEMAND

Intermountain respectfully requests a jury trial on all triable issues.

Respectfully submitted this 9th day of December, 2015.

*Filed Via CM/ECF*
*Original Signature on File at*
*Benjamin, Bain, Howard &Cohen, LLC.*

/s/  Alvin M. Cohen
Alvin M. Cohen, #15507
7315 East Orchard Road, Suite E-400
Greenwood Village, CO  80111
Phone: 303-290-6600
Fax: 303-290-8323
E-mail: acohen@bbhlegal.com

**ATTORNEY FOR PLAINTIFF**